## GERSHEL v. WHITE'S EXPRESS CO.

(Supreme Court, Appellate Term. January 8, 1909.)

1. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—COLLISION—EVIDENCE.

Where a corporation admitted in its answer that it operated and controlled wagons used in a city, and did not give evidence that it did not operate a particular wagon bearing its name, proof that the particular wagon colliding with and injuring the property of another bore the name of the corporation established prima facie its ownership of the wagon.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

2. DAMAGES (§ 174*)—INJURY TO PROPERTY—EVIDENCE—ADMISSIBILITY.

A paper offered by defendant on the subject of an estimate for repairs of an article injured by his wagon colliding with it was properly excluded, where the proof failed to identify the estimate with the article damaged.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 462; Dec. Dig. § 174.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Benjamin Gershel against the White's Express Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Paul M. Abrahams, for appellant.
Tipple & Platt, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The proof that the colliding wagon bore the name "White's Express Company," taken with the defendant corporation's failure to give any evidence tending to show that it did not operate the particular wagon, although it had admitted by its answer that it did operate and control wagons and vehicles in and about the streets of the city, sufficed for a prima facie case of ownership. Tuomey v. O'Reilly, 3 Misc. Rep. 302, 22 N. Y. Supp. 930.

Damages, within the verdict, were proven by testimony as to the actual expense of making adequate repairs to the article injured; and, while the appellant asserts error in the exclusion of a paper offered in its behalf upon the subject of an estimate for repairs, the proof failed to identify the estimate with the thing damaged and the ruling was clearly proper.

Judgment affirmed, with costs.