[Civ. No. 2210. First Appellate District.—November 13, 1917.]

## HENRY McWHIRTER, Respondent, v. GEORGE P. FULLER, Appellant.

NEGLIGENCE—INJURY IN AUTOMOBILE COLLISION—OPERATION BY WIFE —AGENT OF HUSBAND — EVIDENCE — PRIMA FACIE CASE.—In an action for personal injuries and damage to personal property arising out of a collision between an automobile owned and driven by plaintiff, and one owned by a husband, but driven by his wife, proof that the car in question was owned by the husband and was

being operated by his wife at the time of the accident with his express consent and permission establishes a *prima facie* case, authorizing an inference, in the absence of substantial proof to the contrary that the wife was using the car as the agent of the husband.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Pat. R. Parker, Judge.

The facts are stated in the opinion of the court.

John Ralph Wilson, and C. B. Morris, for Appellant.

Gus L. Baraty, for Respondent.

THE COURT.—This is an action for damages for personal injuries and damage to personal property arising out of a collision between an automobile owned and driven by plaintiff and one owned by appellant, George P. Fuller, but driven by his wife, the defendant May A. L. Fuller.

Under the terms of section 171a of the Civil Code a husband is not liable for the torts of his wife "except in cases where he would be jointly liable with her if the marriage did not exist." It is not here claimed that the appellant kept this car for the use of his wife, and that at the time of the accident it was being used for the purpose for which it was purchased and kept, in which event, in every just sense and according to the weight of authority, she would be regarded as his agent, on the theory that it is as much the duty of the husband to furnish to his wife, within his means, recreation and pleasure, as it is to furnish her with food and clothing. (*Missel* v. *Hayes,* 86 N. J. L. 348, [91 Atl. 322]; *Birch* v. *Abercrombie,* 74 Wash. 486, [50 L. R. A. (N. S.) 59, 133 Pac. 1020]; *Kayser* v. *Van Nest,* 125 Minn. 277, [51 L. R. A. (N. S.) 970, 146 N. W. 1091]; *Marshall* v. *Taylor,* 168 Mo. App. 240, [153 S. W. 527]. See, also, Berry on Automobiles, sec. 653 et seq.) Nor is it claimed that the mere relationship of husband and wife tends to establish in a case of this kind arising in tort the relationship of principal and agent. But the plaintiff did prove that the car in question was owned by the appellant, and was being operated by his wife at the time of the accident with his express consent and permission. Under the weight of authority, this was sufficient to raise the

presumption that the wife was the agent of the husband. In the majority of states it is held that where it is shown that the vehicle which caused the injury belonged to the defendant, a presumption arises that the driver was using the vehicle as the agent of the owner. This justifies a jury in inferring that such is the case and authorizes it to find for the plaintiff under the rule of *respondeat superior.* A *prima facie* case is established. The question of agency or employment of the driver is a fact peculiarly within the knowledge of the owner —oftentimes unknown to the injured party; and the burden is upon the owner to overthrow this presumption by evidence, of which the law presumes he is in possession. He is called upon to rebut this evidence and presumption by showing that the fact is otherwise. In the case at bar no attempt was made to do so. The rule is well illustrated in the following cases: In *Birch* v. *Abercrombie,* 74 Wash. 486, [50 L. R. A. (N. S.) 59, 133 Pac. 1020], a daughter, of age, was using her father's automobile for her own pleasure. Defendant was held responsible for damage occasioned by her. It was contended that the evidence failed to support the findings inasmuch as the evidence showed that the parent's consent was lacking; but the court said: "This contention ignores the admitted ownership of the automobile by the appellant W. R. Abercrombie and his wife. It is well established that in cases of this kind, where the vehicle doing the damage belonged to the defendants at the time of the injury, that fact establishes *prima facie* that the vehicle was then in possession of the owner, and that whoever was driving it was doing so for the owner. We have repeatedly so held (citing cases). The burden was thus cast upon the appellants to overcome this presumption by competent evidence, and it was for the jury to say upon such evidence whether the burden had been sustained.

In the New York case of *Ferris* v. *Sterling,* 214 N. Y. 249, [Ann. Cas. 1916D, 1161, 108 N. E. 406], the same rule of evidence is recognized. There a father was held responsible for an automobile accident while the machine was being driven by his son, who was of age, the court saying: "The license number of the car coupled with the evidence that the defendant held the license was *prima facie* proof that the defendant was the owner. It was more than that: It was *prima facie* proof that the custodian of the car was then

engaged in the owner's service. . . . The property being proved to belong to defendant a presumption arises that it was in use for his benefit and on his account.''

The same rule is established in New Jersey. In *Edgeworth* v. *Wood*, 58 N. J. L. 463, [33 Atl. 940], it was said: ''Considering the great improbability that any other owner of a wagon would thus paint and mark it, a plain inference could be drawn from the evidence that the wagon in question was in the ownership of the company (defendant). If that inference be drawn, it is sufficient to establish *prima facie* that the wagon, being owned by the company, was in its possession, and that whoever was driving it was doing so for the company.''

In *Gershel* v. *White's Express Co.*, 113 N. Y. Supp. 919, it is said: ''The proof that the colliding wagon bore the name 'White's Express Company,' taken with the defendant corporation's failure to give any evidence tending to show that it did not operate the particular wagon, although it had admitted by its answer that it did operate and control wagons and vehicles in and about the streets of the city, sufficed for a *prima facie* case of ownership. . . . Damages, within the verdict, were proved by testimony as to the actual expense of making adequate repairs to the article injured; . . .''

And in Shearman and Redfield on Negligence, volume 1, section 158, sixth edition, the authors state the rule, as gleaned by them from the authorities, thus: ''When the plaintiff has suffered injury from the negligent management of a vehicle, car or carriage, it is sufficient *prima facie evidence* that the negligence was imputable to the defendant, to show that he was the owner of the thing, without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show if he can, that the property was not under his control at the time, and that the accident was occasioned by the fault of a stranger, an independent contractor, or other person, for whose negligence the owner would not be answerable.''

It must be conceded that the complaint was defective; but we think the error in overruling the demurrer thereto must be regarded as harmless, the appellant having had a full opportunity at the trial to rebut the inferences arising from his ownership of the automobile, the negligent driving of

which was the cause of the plaintiff's damage, and to show fully, if he desired to do so, any facts and circumstances which would have absolved him from liability.

The judgment is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1918, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the first appellate court, we deem it proper to say that, as we understand the opinion as to the effect of proof that the car in question was owned by the appellant and was being operated by his wife at the time of the accident with his express consent and permission, it is simply that a *prima facie* case was thereby established, authorizing an inference by court or jury, in the absence of substantial proof to the contrary, that the wife was using the car as the agent of the husband.

The application for a hearing in this court is denied.