[Civ. No. 2377.  Third Appellate District.—November 28, 1921.]

ELEANOR FRIERSON, Respondent, v. PACIFIC GAS & ELECTRIC COMPANY (a Corporation), et al., Defendants; A. L. RICHARDSON, Appellant.

[1] NEGLIGENCE—OWNERSHIP OF AUTOMOBILE—OPERATION BY AGENT—PRESUMPTION—FINDING.—Where, in an action for personal injuries to a street-car passenger alleged to have been sustained by the joint negligence of the driver of a passenger automobile stage and the motorman in charge of the car, the ownership of the antomobile was admitted at the trial, the presumption arose that the driver was the agent of such owner, and was sufficient to support a finding that at the time of the accident the automobile was being operated by the owner, although opposed and contradicted by direct testimony.

[2] ID. — CO-OPERATIVE BUSINESS ASSOCIATION — OPERATION OF AUTOMOBILE STAGES—NEGLIGENCE OF MEMBER—LIABILITY OF ASSOCIATION — BY-LAWS. — A co-operative business association organized under the provisions of section 653b et seq., of the Civil Code is not liable for the negligent operation of an automobile stage by a member of the association, where it appears by the by-laws that the proceeds from the operation of each stage, after the deduction of certain expenses, belong to the owner thereof, and he is to keep and operate his own machine.

APPEAL from a judgment of the Superior Court of Sacramento County.  Peter J. Shields, Judge.  Affirmed.

The facts are stated in the opinion of the court.

J. W. S. Butler and B. F. Van Dyke for Appellant.

Downey & Downey for Respondent.

BURNETT, J.—The action was for personal injuries received by plaintiff while a passenger on a street-car in the city of Sacramento.  Plaintiff's injuries resulted from a collision between said street-car and a passenger automobile stage operating between Sacramento and Placerville and

---

1. Liability of owner of automobile for acts of negligence of chauffeur or agent, notes, 10 Ann. Cas. 732; 12 Ann. Cas. 972; Ann. Cas. 1914C, 1087; Ann. Cas. 1915D, 476; Ann. Cas. 1916A, 659; Ann. Cas. 1917D, 1001, 1008; Ann. Cas. 1918D, 241, 1134.

driven by one Balderson. The complaint alleged that the accident was caused by the joint negligence of the driver of the stage and the motorman in charge of the street-car and that the stage was being operated by defendant Richardson. The case was tried before the court without a jury and the Pacific Gas & Electric Company was acquitted of all negligence, but it was found that the stage had been negligently operated by appellant Richardson. Judgment followed against him in favor of plaintiff for three thousand dollars.

Appellant does not contend that the stage was not negligently operated or that plaintiff's injuries were not caused by said negligent operation, but his sole contention is that said stage was being operated by the Star Auto Stage Association, a co-operative business association. Respondent contends that there are two conclusive answers to appellant's contention: First, the evidence is sufficient to sustain the finding that Richardson was operating the stage, and, second, if the stage was being operated by said association, it was operating it for the use and benefit of Richardson and as his agent, and, therefore, he is personally responsible for its negligent operation.

[1] As to the first consideration it may be stated that it was admitted at the trial that Richardson was the owner of the stage and from this fact the presumption arises that the driver was the agent of the owner. (*McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417]; *Dierks* v. *Newsom*, 49 Cal. App. 789 [194 Pac. 518]; *Birch* v. *Abercrombie*, 74 Wash. 486 [50 L. R. A. (N. S.) 59, 133 Pac. 1020].) These authorities and others that might be cited are to the effect that evidence of ownership of the vehicle creates a presumption amounting to evidence of the fact that the person operating it is doing so as the agent of the owner. Since it established a *prima facie* case it would be sufficient to support the finding of the court, although it may be opposed and contradicted by direct testimony. Moreover, the record furnishes additional evidence that the automobile was being operated at the time by Richardson. In this connection it is significant that in his original answer, which he personally verified, Mr. Richardson expressly admits that he was operating the stage in question. It was not until fifteen months after the collision that Richardson in his amended

answer, verified by his attorney, denied that he was operating the stage at the time of the accident. Moreover, it is a fair inference from the testimony of Richardson and Balderson that the latter was an employee of the former at the time. It is not necessary to set out the evidence, but it appears that he had been in Richardson's employ for some six months prior to the accident driving a truck; just a day or two before he was transferred to driving the automobile stage by Miss Brown, a bookkeeper for Richardson. When paid after the accident he received one check on Richardson personally for his labor in both capacities as driver of the truck and automobile stage. It appears also that the business office at Placerville was not conducted under the name of the Star Auto Stage Association, but under a distinct name used by Richardson, and that he owned all the stages used upon said line and exercised various acts of authority over them such as the repairing of the stages, and discharging of the drivers. Another circumstance which may be mentioned in support of the finding of the court is that no evidence was offered of any written lease or contract of any kind or character for the use of the autostage by said Star Auto Stage Association, and there was no evidence to show that said association ever assumed any control or management over Mr. Richardson's car. In fine, the evidence decidedly preponderates in favor of the claim of plaintiff that the autostage was not only owned by appellant, but was being operated at the time of the accident by him through his agent, and he is therefore responsible for the consequence of the agent's negligence.

[2] As to the second ground, it appears that Mr. Richardson was a member of the Star Auto Stage Association. This was not a corporation, but a co-operative business association and its organization is provided for by sections 653b–653l of the Civil Code. It has no capital stock, but a membership certificate is issued to each member, and from its by-laws it is a fair inference that in certain respects it acted as the agent of the owner, but that the owner retained the control and management of his machine. Section 5 of article II of said by-laws provides that members of the association shall deliver to it for the use and purposes for which it was organized one or more automobiles or other motor conveyances *"to be by said members placed in*

*operation over a route to be fixed and released by said directors and subject to change; and during this said membership shall keep and operate such auto stage or conveyance within the rules of the association.''* Section 8 provides: ''Any member expelled and not reinstated as herein provided, shall be paid whatever amount of money may be due him out of the profits *earned by the stage or conveyance operated by him,* and on hand free from any claim, charge or assessment at the time of his expulsion.''

Article X is as follows: ''Each member of the association shall daily file with the secretary or with such other officer or employee as may be designated by the Directors, a statement *showing* his receipts for such day. The directors shall meet monthly for the purpose of determining and dividing the profits, if any of such association, and such profits shall be distributed among the members in the following manner:

*''Each member shall receive as his share of the profits for such month such sum as the amount collected by him bears to the total receipts collected by all the members of the association during said month, after deducting from such proportionate share the amount of any unpaid dues and charges against such member for such period of time.''*

The portions of the foregoing which we have italicized show that the proceeds from the operation of each stage, after the deduction of certain expenses, belong to the owner thereof, and that he is ''to keep and operate'' his own machine.

Through such co-operation the owners of the machines can, of course, reduce expenses and increase the profits of the business, and for certain purposes, such as furnishing depot facilities and selling tickets, the organization acts for the members jointly, but the individual machine does not lose its identity, but it remains subject to the control and management of its owner, who obligates himself, however, to abide by the rules and regulations of the association. He is no less responsible for its operation than if he were conducting the business alone. While it may be said that for certain purposes, then, the association is the agent of the owner, and to that extent it is the instrumentality through which he conducts the business, yet as to the operation of the machine, it could hardly be said that the organization

is his agent, since he retains its control. However, it would seem to be unimportant whether the agency extends to the operation of the machine or not, as the owner's liability would not be changed. Assuredly, where the owner pays and discharges the driver and receives the profits of the operation of his machine he would not be relieved of responsibility for its negligent operation by reason of the fact that the driver may have been employed by an agent of the owner.

We think there is no merit in the appeal and the judgment is affirmed.

Finch, P. J., and Hart, J., concurred.