[Civ. No. 5059. Second Appellate District, Division One.—August 10, 1927.]

MAUDE HATHAWAY, Appellant, v. NEAL MATHEWS et al., Defendants; LILLIAN GRANT, Respondent.

Merton A. Albee and C. E. Spencer for Appellant.

Duke Stone for Respondent.

McLUCAS, J., *pro tem.*—Plaintiff appeals from a judgment rendered for defendant Lillian Grant in a suit brought for the recovery of damages for personal injuries.

This appeal presents but a single question, namely, whether the owner of an automobile is liable for the negligence of the driver committed while the owner was riding in the automobile at the invitation of the driver to whom the owner had loaned the automobile. The trial court gave judgment for plaintiff against the driver, Neal Mathews, who was the owner's co-defendant. Defendant Mathews testified that he telephoned the defendant Miss Grant the evening before the accident and asked if he could borrow her car the next day to go to the beach; that he went to her home the next morning about 7:30; that "Miss Grant was employed at the time at the Berendo Intermediate High School, located one block north of Pico and two blocks, I believe, beyond Vermont. When I arrived at the house she had her hat on coming out of the house. I told her I was coming and would take her. We got in the car together. I was driving the car. She told me over the telephone—the day before—that she would leave the key to the car by a certain tree in the yard, so that I would know where to get it. I thought she had gone to school that morning, but when I arrived and I found her getting

ready to take the street car, I asked her to get into the car and ride with me, as I was going in the same direction and almost by the school, and that I wished her to ride with me, and she did get in the car and I drove the car without any directions whatever from her, as to how to drive it, or what course to take, and I was driving the car at the time of the accident. Just after we crossed the intersection and just before the accident the plaintiff appeared suddenly in front of the car when I was within about six feet of her and Miss Grant screamed."

Defendant Lilliam Grant testified: "He called me up and talked about various things and he asked me if I was going to use the car the next day. Well, I told him that I was not going to use the car and he asked for it; I told him I would be glad to let him have it. . . . Next morning I left the key in the same hiding place and started to go out, get the car—get the street car; it passed our house, and I met him right at the corner. By hiding place for the key I mean the place by the tree in the yard where I had told him that I would leave it for him the next morning. . . . he told me he was going down to the beach; he said he would drive me by the school, as it was right on the road he was taking. I had intended to take the street car, which was the more direct route and more convenient for me usually, but when he asked me to ride, he stated that he would take me by my school, I rode with him. I was glad to go. I got in the car. I remember as we approached the intersection, the accident. He was driving the car."

 Appellant assigns as error the admission of the foregoing testimony over plaintiff's objection that the conversations between defendants were hearsay, self-serving, incompetent, irrelevant, and immaterial. We see no force in this objection, since defendants were entitled to show the circumstances under which the defendant Grant was riding in the car at the time the accident occurred as an offer of proof that she, as the owner, had loaned her car to some other person.

The findings were that the defendant Lillian Grant was, on the fourth day of November, 1921, the owner and in possession of one certain Ford coupe. The court further found:

## "II.

"That on the 3rd day of November, 1921, said Lillian Grant agreed gratuitously to let the defendant Neal Mathews have the use of said Ford coupe on the 4th day of November, 1921, and pursuant to said agreement, on said 4th day of November, 1921, and prior to the accident hereinafter mentioned, defendant Lillian Grant gratuitously loaned to defendant Mathews and defendant Mathews borrowed of defendant Lillian Grant the said Ford coupe, for the purpose on the part of defendant Mathews of driving in the same upon his own business to Venice, California.

## "III.

"That on said 4th day of November, defendant Mathews went to the residence of defendant Lillian Grant for the purpose of obtaining said automobile, as aforesaid, and there saw defendant Lillian Grant and invited her to ride with him in said automobile to the Berendo Junior High School in the city of Los Angeles, in said county, at which school defendant Lillian Grant was then and there employed as a teacher; and defendant Lillian Grant accepted said invitation and was riding in said automobile and sitting beside the defendant Mathews on the way to her said place of employment at the time of the accident hereinafter mentioned. That there was no other or further agreement between said defendants with reference to the use or control of said automobile at said time other than as hereinbefore found.

## "IV.

"That the defendant Lillian Grant did not exercise or attempt to exercise any actual or physical control over the driving or operation of said automobile between the time of said lending of the same and the occurrence of the accident hereinafter mentioned.

## "V.

"That defendant Neal Mathews thereupon drove and operated said automobile from said city of South Pasadena into the city of Los Angeles, and westerly upon and along North Broadway, a public street of said city of Los Angeles.

## "VI.

"That Daly street, a public street of said city of Los Angeles, then intersected and now intersects said North

Broadway in a northerly and southerly direction at a point where, for some distance, said North Broadway extended and extends in an easterly and westerly direction. That at said place double tracks of the Pacific Electric Railway extended upon and along the central portion of Daly street and double tracks of the Los Angeles Railway extended upon and along the central portion of North Broadway, and the eastbound street cars of the Los Angeles Railway Company habitually stopped for the purpose of taking on and discharging passengers at a place on the southerly track on North Broadway, immediately west of the intersection of said street with said Daly street. That at said location Daly street was and is a narrow street and North Broadway a wide street; and said intersection and the territory adjacent thereto was within and constituted a 'business district' as the same was defined at said time by the Vehicle Act.

## "VII.

"That at the hour of 8 o'clock a. m. on said 4th day of November, 1921, the plaintiff proceeded in a careful and prudent manner southerly across North Broadway from a point a short distance west of the west property line of Daly street, toward an eastbound street car of the Los Angeles Railway, which was then and there standing at the stopping place above described taking on and discharging passengers for the purpose of doing the same. That the entrance to said car was at the rear end, on the right side thereof. That plaintiff so proceeded to within two or three feet of the rear step on the left side of said street car, and was proceeding toward and near the rear end of said car, touching said car with her left hand, at the time of said accident.

## "VIII.

"That at about said time the defendant Mathews was negligently and heedlessly driving said Ford coupe westerly along the northerly side of North Broadway, and up to the moment of the impact with plaintiff, and in so doing suddenly, negligently and at said speed, drove and operated said automobile from behind and past another automobile proceeding in the same direction, without first sounding or giving any audible or other signal or warning thereof, so that said Ford coupe emerged suddenly from behind said

preceding automobile and passed the same; and defendant Mathews continued to so negligently drive and operate said automobile without sounding any warning of its approach, that by reason thereof it ran against, upon and over plaintiff, who was then and there unaware of its approach.

"IX.

"That by and through said negligence of defendant Mathews and his said careless and reckless operation of said automobile, the plaintiff was dangerously and grievously injured, in the following particulars, to-wit: . . .

"XI.

"That by reason of all the premises, plaintiff has been damaged in the sum of five thousand five hundred ($5,-500.00) dollars, no part whereof has been paid."

As a conclusion of law from the above facts the court found that the plaintiff was not entitled to any judgment against the defendant Lillian Grant, and that plaintiff was entitled to judgment against the defendant Neal Mathews in the sum of five thousand five hundred dollars, and judgment was entered accordingly.

Appellant takes the position that defendant Lillian Grant is liable under the express provisions of the California Vehicle Act, as well as under general principles of law, and that the particular findings upon which the court concluded as matter of law that defendant Lillian Grant was not liable, if they do call for such a construction, are to that extent unsupported by the evidence; and that, on the other hand, the findings as they now stand call for judgment against defendant Lillian Grant as matter of law. In view of this position taken by plaintiff, we have herein quoted substantially all of the evidence contained in the bill of exceptions, and substantially all of the findings, in so far as the same are material to the decision of this case. The question for decision is whether or not, as matter of law, this court can decide on the record before it that the trial court should have rendered judgment for plaintiff against defendant Lillian Grant, the owner, as well as against her co-defendant, the driver of the automobile. Appellant argues that judgment should have been given against Miss Grant for the reason that section 19 of the Motor Vehicle Act (Stats. 1915, p. 406) at the time this accident

happened provided as follows: "No person shall allow a motor vehicle owned by him, or under his control, to be operated by any person . . . in violation of the provisions of this act." We find nothing in the foregoing section which would assist us in determining the question at issue favorably to appellant. There is no word of evidence in the record, nor any finding made by the court, to the effect that defendant Lillian Grant, as owner, ever allowed her automobile to be operated by her co-defendant in violation of the provisions of the Motor Vehicle Act. The only evidence contained in the bill of exceptions as to the manner in which the car was being driven at the time of and before the accident is the testimony of Mathews, the driver, as follows: " . . . but when I arrived and I found her getting ready to take the street car, I asked her to get into the car and ride with me, as I was going in the same direction and almost by the school, and that I wished her to ride with me, and she did get in the car and I drove the car without any directions whatever from her, as to how to drive it, or what course to take, and I was driving the car at the time of the accident. Just after we crossed the intersection and just before the accident the plaintiff appeared suddenly in front of the car when I was within about six feet of her and Miss Grant screamed."

 The foregoing is not sufficient evidence on which to predicate a finding of negligence on the part of either the driver or the owner. Inasmuch as the trial court made a finding of negligence on the part of the driver, it may be assumed that there was additional evidence as to the manner in which the automobile was being driven sufficient to support a finding of negligence on the part of the driver; but there is no such testimony in the record before us.

 It can scarcely be said that this court can, as matter of law, without any evidence before it, determine that the defendant Grant was guilty of negligence because she, as owner, sat in the machine while it was negligently driven by another, without any evidence appearing in the record showing whether the owner had any opportunity to control the driver as to the manner in which the machine was driven. It does not appear from the evidence before us, nor from the findings of the court, when the negligence of the driver commenced, except that Mathews was driving

negligently at about the time plaintiff was proceeding toward the standing street-car. The trial court, having all the evidence in the case before it, found the defendant Lillian Grant not liable, and it therefore must be concluded from the testimony that the defendant Grant had no opportunity to prevent the negligence of the driver. This court is bound by that conclusion, in the absence of anything to the contrary in either the bill of exceptions or the findings. In *Rocca* v. *Steinmetz*, 189 Cal. 426 [208 Pac. 964], cited by appellant, the defendant is not sued as the mere owner of the automobile, but he is sued as the owner who has allowed his son to drive his automobile, knowing that his son is a reckless and careless driver. No proof of any such knowledge appears in the record before us, nor is there any finding of such knowledge made by the trial court.

Appellant's contention that judgment should have been rendered against defendant Lillian Grant on general principles of law, independent of the Vehicle Act, cannot be sustained. While generally the fact of ownership alone, regardless of the presence or absence of the owner, as held in the cases cited by appellant, establishes a *prima facie* case against the owner, for the reason that the presumption arises that the driver is the agent of the owner, yet this presumption may be overcome by evidence which carries conviction to the mind of the court. (*Dierks* v. *Newsom*, 49 Cal. App. 789 [194 Pac. 518]; *McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417]; *Frierson* v. *Pacific Gas & Elec. Co.*, 55 Cal. App. 397 [203 Pac. 788].) It cannot be held in this court as matter of law on the record before us that there was not sufficient testimony to overcome this presumption of agency. In *Randolph* v. *Hunt*, 41 Cal. App. 739 [183 Pac. 358], cited by appellant, there was evidence that the driver had borrowed the car to seek employment, and that he invited the owner to go along to recommend him; but notwithstanding this testimony, respondent contended that there were two theories, upon either of which the verdict of the jury might be justified. "The first is that the jury was warranted in rejecting the story as untrue and holding that there was no such arrangement between Hunt and Triggs, whereby the car was loaned to the latter. The second is, that if said car was borrowed, appellant did not part with control of it and that it was

his duty as owner and occupant to see that it was operated in a careful and prudent manner, and that he is responsible for the consequence of his violation of this duty.'' The court of appeal said: ''As to the first of these contentions, it cannot be said here that the jury was bound to accept the statement of said witnesses as true. Being the exclusive judges of the weight of the evidence and the credibility of the witnesses, if the testimony did not carry conviction to their minds, they had the legal right to reject it. We must assume that they did not believe the story, and we cannot say, in the absence of any showing to the contrary, that the jury acted arbitrarily, or otherwise than in good faith and with an honest purpose. We would not be justified by the record in branding the statement of these witnesses as false, although there are certain circumstances that tend somewhat to discredit it, but we are not in a position to interfere with the jury's discretion in that particular.'' The supreme court, in denying a petition for rehearing, said: ''In denying a rehearing in this case we deem it proper to say that we limit our approval of the opinion of the district court of appeal, on the question of the liability of the owner, to the first of the reasons assigned therein as cause for affirmance of the judgment, that is to say, the reason summarized therein as follows: '1. The question of the alleged agreement with Triggs was submitted to the jury; it was resolved against appellant on conflicting evidence, and this finding cannot be reviewed by this court.' As to the soundness of the other reasons set forth by the district court for the existence of such liability, we express no opinion. The petition for rehearing is denied.'' So in the case at bar, the question of the alleged agreement between the driver and the owner was submitted to the court. It was resolved against appellant on the evidence, and that finding cannot be reviewed by this court. Appellant in her closing brief cites *Bosse* v. *Marye,* 80 Cal. App. 109 [250 Pac. 693], wherein a rehearing was denied by the supreme court, as being decisive of this case. We cannot agree. In that case the sole liability attaching to defendant Rudolph Spreckels was conceded to be a statutory one, namely, by reason of his having signed the application for the issuance to his minor daughter of a driver's license. In that case Miss Spreckels had driven

the car to San Francisco, and on the return trip invited a companion to drive the machine. The accident occurred while the companion was driving and Miss Spreckels was seated in the automobile. The court of appeal said by way of *obiter dictum*, quoting from *Randolph* v. *Hunt, supra,* language on which the supreme court had refused to express an opinion, as follows: "In this respect we think the responsibility of a licensee is no different from that of an owner who turns over the wheel of his automobile temporarily to another, but continues to ride with the person intrusted with the driving. In such a case it is said: 'Again, if the owner of an automobile lends his machine to another and on invitation becomes a passenger therein, in the absence of any agreement to the contrary, the owner has the right, and, indeed, it is his duty to prevent, if possible, the driver from operating the machine in a reckless and dangerous manner and in violation of law. He cannot sit idly by and refrain from remonstrance, at least, while knowing that the driver is thus endangering the lives of others. If he has the opportunity to restrain the driver and fails to take advantage of it, he should be held responsible for the consequences. This is the just view and it is supported by the authorities. The general rule is stated in 28 Cyc. 28, as follows: "Where an injury is inflicted by the use or operation of a motor vehicle, upon the public highway, the owner thereof is liable to respond in damages therefor, if the vehicle was being operated by such owner or was under his control. In all cases where the owner is present he will be responsible for injuries sustained by third persons, unless the operator disobeys instructions as the owner is in the law in control of the vehicle.'" (*Randolph* v. *Hunt,* 41 Cal. App. 739 [183 Pac. 358].)" In the present case there is no evidence in the record nor any finding that the owner sat idly by and refrained from remonstrance, or that she knew the driver was endangering the lives of others, or that she had opportunity to restrain the driver.

Finally, appellant urges that Miss Grant should be held liable as engaged in a joint enterprise with Mr. Mathews. In *Pope* v. *Halpern,* 193 Cal. 168 [223 Pac. 470], it is said, at page 174: "The decisions are not in accord as to what constitutes a joint or common enterprise, but it has been held in this state that the passenger must

exercise some control over the driver, or, in law, may be said to possess the right of such control, before it will be held that they are engaged in a joint enterprise. (*Bryant* v. *Pacific Elec. Ry. Co.* [174 Cal. 737, 164 Pac. 385], *supra*.) In *St. Louis etc. Ry. Co.* v. *Bell*, 58 Okl. 84 [L. R. A. 1917A, 543, 159 Pac. 336], the court said: 'Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control and management.' It will be seen from these two decisions that in order that there be such a joint enterprise it is not sufficient merely that the passenger of the machine indicate the route, or that both parties have certain plans in common, such as a 'joy ride,' but the community of interest must be such that the passenger is entitled to be heard in the control and management of the vehicle. In *Bryant* v. *Pacific Elec. Ry. Co., supra,* the court, after referring to the case of *Wentworth* v. *Town of Waterbury,* 90 Vt. 60 [96 Atl. 334], where apparently the only basis for the imputation of negligence of the driver of an automobile to the plaintiff was the circumstances that they were both engaged in the common purpose of taking two ladies for an afternoon's drive to view a lake, said: 'In our opinion, the doctrine of imputable negligence should not be so loosely applied. To do so leaves the law in an uncertain state. The better view is expressed in *Nonn* v. *Chicago City Ry. Co.,* 232 Ill. 378 [122 Am. St. Rep. 114, 83 N. E. 924]: "There can be no such thing as imputable negligence, except in those cases where such a relation exists as that of master and servant or of principal and agent. In order that the negligence of one person may be properly imputed to another they must stand in such relation of privity that the maxim *qui facit per alium facit per se* directly applies." Indeed, no other rule is consistent with section 1714 of the Civil Code, wherein it is declared that everyone is responsible for an injury occasioned to another by his want of ordinary care "except so far as the latter has, wilfully or by want of ordinary care, brought the injury upon himself." ' " Tested by these principles, we are of the opinion that it cannot be held as matter of law

from the evidence or findings before us that either the relation of master and servant or principal and agent existed between Miss Grant, the owner, and Mr. Mathews, the driver, of the automobile.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred in the judgment.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 3, 1927.