[Civ. No. 6102. Second Appellate District, Division Two.—September 15, 1930.]

JOSEPH J. MATHE, Respondent, v. WHITE AUTO COMPANY (a Corporation), Appellant.

Kenneth E. Matot and Wesly T. Stafford for Appellant.

B. J. Bradner for Respondent.

GATES, J., *pro tem.*—The plaintiff commenced an action against defendants to recover judgment for damages by reason of injuries to his automobile alleged to have been occasioned by a collision of his car with appellant's automobile, which was being driven by the defendant Mader in a careless and negligent manner. Defendants answered, and appellant corporation filed a cross-complaint claiming that the collision was caused by the negligence of respondent. Trial was had in the lower court, sitting with a jury. The jury returned a verdict in favor of plaintiff in the sum of $650 and costs, and judgment was entered thereon. Defendants moved for a new trial on all of the statutory grounds and

the motion was denied. Appellant appeals from the judgment.

Six assignments of error are set forth in appellant's brief. All of its claims may be condensed into one major proposition—defendant Mader's relationship to appellant at the time of his negligent operation of appellant's automobile. Amplifying appellant's claims somewhat, these questions present themselves for solution: (1) Must a complaint in this class of cases allege that a servant, at the time of the accident, was acting within the scope of his employment or was at such time and place acting in furtherance of his employer's business? (2) Must the evidence, in order to sustain a judgment, so show?

Because of the emphasis placed by appellant upon the above propositions we will quote the particular allegations of the complaint bearing upon this point: "That at all times herein mentioned the defendant, White Auto Co., was the owner of a Cadillac touring car, bearing state license No. D–34816." "That *at all times herein mentioned the defendant, Robert Mader, was an employee of the defendant, White Auto Co.*, and was the driver of said Cadillac touring car." (Italics ours.) "That said Cadillac automobile *owned, controlled and operated by the defendants* herein, was operated carelessly. . . . " (Italics ours.) "That solely by reason of the aforesaid carelessness . . . of defendants. . . . " "That all of said damage to plaintiff was caused by the negligent, reckless and careless acts of the defendants. . . . "

Directing our attention to the answer filed by appellant, we find these admissions: "Admits that at all times herein mentioned the defendant, Robert Mader, was employed as a mechanic by the defendant White Auto Co., a corporation, and was operating said Cadillac touring car at the time and moment in said complaint alleged." In the cross-complaint we read this allegation: "That at all times herein mentioned Robert Mader was an employee of the defendant and cross-complainant White Auto Co., and was the driver of said Cadillac touring car."

No demurrer was filed to the complaint, nor is there any contention that the evidence does not sustain the allegations of the complaint as pleaded.

■ It is well settled that in cases of this kind, for injury or damage inflicted by an automobile, allegation and proof showing ownership of the automobile and operation by the owner's employee is sufficient to make out a *prima facie* case and raise a presumption that the employee acted within the scope of his employment. (*Wagnitz* v. *Scharetg*, 89 Cal. App. 511 [265 Pac. 318]; *Hathaway* v. *Mathews*, 85 Cal. App. 31 [258 Pac. 712]; *Dierks* v. *Newsom*, 49 Cal. App. 789 [194 Pac. 518]; *McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417]; *Frierson* v. *Pacific Gas etc. Co.*, 55 Cal. App. 397 [203 Pac. 788]; Art. Automobiles, Cal. Jur. Supp., 284.)

■ At the conclusion of the testimony, appellant requested an instruction that the jury return a verdict for appellant. This was predicated upon the same grounds that are relied upon in this appeal, i. e., insufficiency of the complaint to allege that the defendant Mader was acting in the course and scope of his employment, and insufficiency of the evidence to so show. There was no error in the denial of this motion, for the reason that the presumption—that Mader was acting in the scope of his employment at the time of the accident—which was drawn from the admissions in the pleadings, as we have pointed out, was sufficient, in the absence of other proof, to warrant the jury in finding that Mader was in fact acting within the scope of his employment.

■ Appellant complains of one of the instructions given, which is as follows: "I instruct you that the master is civilly liable for the wrongful and negligent act of the servant committed while in the service of the defendant and within the scope of the servant's employment, that is, in the performance of the master's business. I instruct you that under the evidence the defendant corporation is liable for the negligence of its driver if the jury shall find that the driver was negligent." There was no error in giving the instruction. The first part of the instruction is nothing more or less than a correct statement of the law. Even though there was no issue as to whether the act of Mader was in the course or scope of his employment, we cannot see how the jury was misled by it. The latter portion of the instruction, in view of the admissions in the pleadings, was correct, for the undisputed evidence shows that at the

time of the accident Mader was appellant's agent and was presumptively acting in the scope of his employment. There was no dispute upon this phase of the case—no controversy as to Mader's employment. Therefore he was, as a matter of law, the agent and employee of appellant at the time of the collision.

Judgment affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.