[S. F. No. 10873.  In Bank.—June 22, 1925.]

WILLIAM R. RANSFORD, Respondent, v. A. G. AINS-WORTH et al., Defendants; MINERVA I. AINS-WORTH, Appellant.

[1] NEGLIGENCE — OWNERSHIP AND OPERATION OF AUTOMOBILE — HUS-BAND AND WIFE—INFERENCE OF AGENCY—VERDICT.—In an action for damages for personal injuries, where it is admitted that the defendants are husband and wife and were living together as such at the time of the injuries complained of and for many years prior thereto, upon a ranch which was the separate property of the wife, that the automobile which the defendant husband was driving at the time of the collision, and of which he was the sole occupant, was owned by and was the separate property of the wife, and was at the time of the collision being driven and op-erated by her husband with her consent, and the evidence estab-lishes that the collision in which plaintiff sustained his injuries was caused by the negligence of the husband in the driving and operation of the wife's automobile, an inference arises that the husband was the agent of his wife in the driving and operation of her car at the time of said collision, and such inference is suffi-cient *prima facie* to support a verdict in favor of the plaintiff and against the defendant wife, in the absence of substantial proof sufficient to destroy such inference.

[2] ID.—PROOF OF AGENCY—VERDICT.—In this action against a husband and wife for damages for personal injuries sustained by plaintiff as the result of an automobile collision caused by the negligence of the defendant husband in the driving and operation of an auto-

---

1.  Liability of wife for injuries inflicted by husband while driv-ing wife's automobile, note, 12 A. L. R. 1466.

mobile which was the separate property of the wife, and of which he was the sole occupant, aside from the inference of agency there was substantial evidence to support the implied finding of the jury that, at the very moment of the collision, the defendant husband was acting as the agent of the wife in using said automobile to convey family provisions which he had purchased with the proceeds of the wife's separate property to the family home which his wife was maintaining upon a ranch which was her separate property and estate, and such evidence supported the verdict in favor of plaintiff and against the defendant wife.

[3] ID.—PURCHASE OF HOUSEHOLD SUPPLIES—CAPACITY OF HUSBAND—REBUTTAL OF PRESUMPTION.—In the absence of any showing to the contrary, it will be presumed that the husband, in purchasing and conveying household supplies to the family home, is acting as the head of the family; but that is a disputable presumption and is subject to be overthrown by evidence that the wife is in fact the furnisher of the family home and the substantial, if not sole, supplier of the needs, sustenance, support, and luxuries of the household.

(1) 3 **C. J.**, p. 1337, n. 11; 28 **Cyc.**, p. 47, n. 20.    (2) 28 **Cyc.**, p. 47, n. 20.    (3) 28 **Cyc.**, p. 46, n. 8.

APPEAL from a judgment of the Superior Court of Napa County. R. L. Thompson, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Russell T. Ainsworth, Thomas C. Anglin and Chas. S. Peery for Appellant.

Clarence N. Riggins for Respondent.

RICHARDS, J.—This appeal is by the defendant Minerva I. Ainsworth from a judgment in favor of the plaintiff and against both defendants for the sum of two thousand dollars based upon the verdict of a jury in an action to recover damages for injuries received by the plaintiff in a collision between the automobile of the defendant and appellant M. I. Ainsworth while being driven and operated by her husband and codefendant A. G. Ainsworth on and along the streets of the city of Napa. The sole question presented upon this appeal is as to whether the evidence was sufficient

3.  See 13 **Cal. Jur.** 824.

to justify the verdict and judgment against the appellant herein. [1] In entering upon this inquiry there are certain admitted facts which should be stated so as to clear the way for the main contention of the appellant herein. It is an admitted fact that the defendants are husband and wife and were living together as such at the time of the injuries complained of and for many years prior thereto, upon a ranch near Trubody station, nine miles north of Napa, which was the separate property of the appellant herein. It is also an admitted fact that the automobile which the defendant A. G. Ainsworth was driving at the time of said collision, and of which he was the sole occupant, was owned by and was the separate property of the appellant herein, and was at the time of said collision being driven and operated by her said husband with her consent. It is admitted, because not disputed upon this appeal, that there was sufficient evidence to justify the verdict of the jury to the effect that the collision in which the plaintiff suffered his said injuries was caused by the negligence of said A. G. Ainsworth in the driving and operation of the appellant's said automobile. Based upon these admitted facts there is a proposition of law which is also conceded to be correct by the briefs and arguments of the appellant herein. It is that an inference arises from the foregoing facts that the husband was the agent of his wife in the driving and operation of her car at the time of said collision and that such inference would be sufficient *prima facie* to support the verdict herein in the absence of substantial proof, sufficient to destroy such inference. The cases which support this admittedly correct rule of law are the following: *McWhirter* v. *Fuller,* 35 Cal. App. 288 [170 Pac. 417]; *Grantham* v. *Ordway,* 40 Cal. App. 758 [182 Pac. 753]; *Maupin* v. *Solomon,* 41 Cal. App. 323–326 [183 Pac. 198]; *Randolph* v. *Hunt,* 41 Cal. App. 739 [183 Pac. 358]; *Dierks* v. *Newsom,* 49 Cal. App. 789 [194 Pac. 518]; *Fahey* v. *Madden,* 56 Cal. App. 593 [206 Pac. 128].

In the case first above cited this court in denying the petition for a hearing before it stated the rule to be as above set forth and such statement of the rule was followed in the later cases. While the appellant herein concedes the foregoing to be the correct rule with relation to the inference and its effect arising from the foregoing admitted

facts, she contends that such inference has been overthrown by positive and sufficient proof that her husband and codefendant was not acting as her agent in the driving, operation and use of said car at the time of said collision, but that, on the contrary, he was engaged solely upon his own business and affairs in the use and operation of her car at said time; and hence that there was and is no room in this case for the doctrine and inference of agency to be given application. This contention requires a further examination into the facts of this case as disclosed by the record herein.

[2] In addition to his reliance upon the foregoing inference, as sufficient, *prima facie*, to support the verdict and judgment in his favor the plaintiff herein offered certain evidence tending substantially to show not only that said defendant A. G. Ainsworth was at the time of said collision operating and using the car of the appellant with her consent, but that in so doing he was engaged in doing things which were matters of her business and concern. The evidence of the plaintiff's witnesses tended to show that while the appellant had owned the automobile in question for several years she did not drive it herself, but that it was generally driven and operated by her husband, and that said automobile was used and generally was so driven and operated by her said husband in connection with the varied activities of the family household in which such vehicles are customarily used and operated; as, for example, the evidence showed that groceries purchased for the family use were not delivered at the ranch by the store where purchased, but were conveyed there by means of her automobile which her husband generally used in making such deliveries. The evidence offered by the plaintiff further showed, without contradiction, not only that the ranch upon which the defendants resided was the separate property of the appellant, but that the store account for goods and provisions for the household was carried in the name of the appellant; that this arrangement had been made several years previously upon the insistence of the proprietors of the store and upon the appellant's express direction expressed in a letter which was introduced in evidence and in which she directed that all goods ordered by her husband, A. G. Ainsworth, should be charged to her account; that such family supplies were

usually ordered by A. G. Ainsworth and charged to the account of his wife; that bills therefor were annually presented and paid by her checks; that the ranch upon which the defendants resided had formerly been conducted as to its productive activities by the appellant as her separate property, but that for some years past its lands had been rented to Chinese who operated the same under a lease. It does not clearly appear as to whether or not the lessees paid cash rent, but it does appear that the proceeds of the ranch in the form of crops were handled by the Napa Fruit Company, whose manager testified that the accounts for such proceeds were carried by his company in the name of Mrs. Ainsworth; that all of the checks were payable to her and that all instruments in relation thereto were made out in and signed by her name. It was thereupon stipulated by respective counsel to be a fact "that A. G. Ainsworth acted for his wife in business transactions and in the handling of the business; that he handled the proceeds of the crop, collected the proceeds and did everything with reference to the crop as though he were the owner. . . . That her share of the proceeds has been collected by A. G. Ainsworth in the name of Minerva I. Ainsworth, deposited to her name in the bank and that he has acted for her in his dealings with the fruit company and his dealings with the bank have been likewise." It was also, and in this same connection, stipulated by the parties that Mrs. Ainsworth paid Mr. Landen (the proprietor of the store) from the proceeds of these checks which came from the ranch and that Mr. Ainsworth acted for her in so doing. The plaintiff then called a witness, Mr. Landin, the proprietor of the store in question, who produced the store books showing that certain goods and merchandise had been purchased on the date on which the collision occurred, consisting of a quantity of groceries, chiefly canned goods, and two loaves of bread, and which had been charged to the account of M. I. Ainsworth and the bill made out therefor in her name and sent to her and that the same had been paid. This witness further testified that nearly all of the purchases of goods for the household were made by Mr. Ainsworth in this manner and that since the store did not deliver goods at that distance the goods were usually taken out by Mr. Ainsworth in the machine. This witness also testified that on

several occasions goods had been· so ordered and charged
and shipped to the defendants' daughter in Oakland. Fol-
lowing this testimony the plaintiff produced three witnesses
who testified that immediately after the collision they had
looked into the back of the car Mr. Ainsworth was driving
and had seen there certain articles of merchandise. These
three witnesses were in agreement in testifying that they
saw there two loaves of bread. Two of them testified to
seeing three other articles in wrapped-up packages having the
appearance of canned goods, while one of them testified to
seeing some vegetables there. With this evidence the plaintiff
rested his case, and, after making a motion for nonsuit,
which was denied, the defendants placed the defendant
A. G. Ainsworth upon the witness-stand, who, while admit-
ting that he was the driver of the car in question at the
time of said collision and that it was the property of his wife
and that he was operating the same with her consent, denied
that he was in any manner or to any extent attending to
her business or affairs at said time. He testified that he
had driven into town in said automobile to attend solely
to certain matters of his own concern; one of these was to
consult his physician as to his own ailments; another was
to meet his brother whom he expected to arrive on the
train, and the last was to purchase and ship on his own
account certain groceries to a sick friend in San Fran-
cisco. He testified that as to the groceries, he purchased
the same at said store and had them all packed for ship-
ment to their destination and sent them there by Wells
Fargo Express; that he made no other purchases whatever
and had no goods or groceries or other merchandise in his
machine at the time of the collision and that he had gone
to the postoffice and was on his way home when the col-
lision occurred. He further. testified that at the time of
the purchase of said groceries he directed that they be
charged to himself personally; and that he personally de-
livered the box containing the same to Wells Fargo Ex-
press. He apparently had in court and while so testifying
a shipping receipt from the express company showing the
shipment by him of a box on that day weighing fifty-five
pounds but he did not offer such shipping receipt in evi-
dence nor testify further as to its contents with respect
particularly to the name of the consignee or the destination

of the shipment. He further testified that Mrs. Ainsworth had for several months past been in Oakland assisting in the care of a sick grandchild; that he had gone down occasionally, but usually remained on the ranch; that the automobile was driven by him generally when there, but was also used by different members of the family when needed.

Upon the cross-examination of Mr. Ainsworth his deposition, taken before the trial, was produced, from which it appeared that upon his first examination thereon he had given the other reasons stated for his visit to town on the day of the collision, but had not mentioned the episode of the grocery purchase or shipment, and that upon being particularly questioned as to such purchase stated that he had no recollection of any such transaction. It was only after he learned that plaintiff's counsel had gone to the store and ascertained the fact as to the grocery purchase on that day that the witness changed his testimony in that regard and gave the explanation as to his having sent the goods to a sick friend in San Francisco. He further admitted upon cross-examination that his sick friend was no relation of his nor in any way dependent upon him and that he had never done such a thing before. Mr. Ainsworth further admitted on cross-examination that he had no regular vocation, no bank account and no property except an interest in his mother's estate, which did not stand in his name, but from which he stated that he received a monthly income, the amount of which was not given.

Mrs. M. I. Ainsworth was also called as a witness for the defendants and testified that at the time of the collision and for several months prior thereto she had been in Oakland attending upon her sick grandchild; that she knew nothing whatever as to the collision until some time thereafter, nor of the movements or transactions of her husband on that day and particularly nothing as to the grocery transaction; that she owned the ranch and the automobile, which was used as a pleasure car by the family; that the ranch was leased to Chinese and required no personal attention whatever; that as to the groceries and other merchandise bought for the home on the ranch Mr. Ainsworth looked after and handled all these things and that she did not handle any of those matters herself, but that Mr. Ainsworth personally attended to them. Upon the cross-examina-

tion of this witness it developed that she knew very little about the management of the ranch, the ordering of household supplies or the payment of the bills and less about the possession of any definite income of Mr. Ainsworth except that derived from the proceeds of the ranch, which she received in the form of checks and either deposited in the bank or gave to her husband to deposit in her name, her husband having no bank account. The disposal of these proceeds she sums up as follows: "Well, it is paid at the end of the year. I don't know exactly, I couldn't tell exactly how it is paid. Sometimes it is divided up with the Chinese and the balance is divided up and paid against our bills, and I guess I may say that some of the bills are paid in checks, and then in case we do not put it in the bank sometimes they are paid in cash." From this quite unsatisfactory statement of the situation it is difficult to avoid the conclusion that the main if not only reliance of the Ainsworth household was upon the proceeds of the ranch and that the collection and distribution of these was left almost wholly in the hands of Mr. Ainsworth, who, aside from these proceeds, had no definite or sufficient income of his own with which to meet the household or family expenses. There was but one other witness called for the defendants upon this phase of the case, viz., the housekeeper at the Ainsworth home, who undertook to testify that on the day of the collision when Mr. Ainsworth came home he brought no groceries in the machine, but as to this her testimony was of little value since she depended entirely upon her recollection as to a particular date nearly a year before the trial and admitted that she did not see the machine or its contents when it came home on that day.

It is the contention of the appellant from the foregoing state of the evidence that the inference of agency arising from the admitted fact that Mr. Ainsworth was at the time of the collision operating Mrs. Ainsworth's automobile with her consent is entirely overthrown by the evidence offered to the effect that at said time he was not acting upon any matter of business or concern of his wife, but was engaged in using it solely upon matters of his own personal business or concern. The appellant correctly states the law in that regard, as laid down in the case of *Spence* v. *Fisher*, 184 Cal. 209 [14 A. L. R. 1083, 193 Pac. 255], but the diffi-

culty with the appellant's contention lies, not with the law, but with its application to the facts of the particular case. In the case of *Spence* v. *Fisher, supra,* the evidence was clear and uncontradicted that the nineteen year old daughter of the owner of the automobile, who maintained it for the general convenience, use and pleasure of his family, was at the time of the injury caused by her negligent driving of the same using the car solely for the pleasure of herself and her guests. This case is in entire harmony with the cases of *Fahey* v. *Madden, supra, Maupin* v. *Solomon, supra, Dierks* v. *Newsom, supra,* and the other cases above cited, with relation to the sufficiency of the inference of agency *prima facie* to sustain a verdict in the absence of clear and uncontradicted proof to the contrary. In the case of *Dierks* v. *Newsom, supra,* the district court of appeal, while applying the rule for which the appellant herein contends to the facts of that case, held that the evidence offered to rebut the inference of agency was neither clear nor uncontradicted, but was substantially conflicting, and that in such a case the inference of agency was not overthrown. In the case of *Grantham* v. *Ordway, supra,* it was held that the inference of agency arising from the operation by another of the defendant's car with the latter's consent would not be overthrown by evidence which was conflicting and which was not free from justifiable doubt. In the case of *Randolph* v. *Hunt, supra,* the same doctrine was applied and this court upon petition for hearing herein denied said petition upon the ground that the evidence whereby the defendant sought to relieve himself from the effect of the inference of agency was conflicting, and when resolved by the jury against the defendant, would not be reviewed by this court. This case comes clearly within the rule laid down and adhered to in the foregoing cases. The evidence upon which the appellant relies to overcome the inference of agency arising from the operation of her automobile by her husband with her consent at the time of the plaintiff's injuries is neither clear nor uncontradicted. If, in fact, her said husband was engaged in conveying to her home goods and merchandise which he had purchased on her account and as her agent at the store which was accustomed to furnish such supplies to him only as such agent

and upon her credit, the inference would not only be not overthrown but would be supported by such a state of facts. While it is true that the defendant, A. G. Ainsworth, testified most positively to the contrary there is the testimony of three witnesses which not only contradict but discredit the said witness; and there is also other testimony and other circumstances which, if believed by the jury, would utterly overthrow his evidence in that regard. This evidence and these circumstances were presented to the jury in the plaintiff's main case and it cannot be said, therefore, that the plaintiff's only reliance for a verdict was upon the inference of agency arising from the fact that the defendant A. G. Ainsworth was operating his wife's automobile with her consent at the time the plaintiff's injuries were received. There was considerable proof presented upon the plaintiff's main case tending to show not only that the defendant A. G. Ainsworth had for years been acting as the general agent of his wife in the collection and expenditure of the proceeds of her separate property, but that he was acting in that capacity at the very moment of the collision in the conveyance by the use of her automobile of family provisions which he had purchased with such proceeds to the family home which his wife was thus maintaining upon the ranch which was her separate property and estate.

[3] It is, however, contended by the appellant that under the law, as laid down in section 156 of the Civil Code, the husband is the head of the family and that this being so it must be presumed that he was acting as such and not as the agent of his wife in purchasing and conveying household supplies to the family home. It is true that, in the absence of any showing to the contrary, such a presumption would arise and would prevail; but this is a disputable presumption and is subject to be overthrown by evidence that the wife is in fact the furnisher of the family home and the substantial, if not sole, supplier of the needs, sustenance, support, and luxuries of the household. There was sufficient evidence in this case, if believed by the jury, to sustain its conclusion establishing these facts and this being so the presumption would be overthrown. We are satisfied that the evidence in this case, considered as a whole, was suffi-

cient to support its verdict in the plaintiff's favor, and, this being so, the judgment is affirmed.

Shenk, J., Waste, J., Lennon, J., Seawell, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices present concurred.