[Civ. No. 6126.   Second Appellate District, Division Two.—January 14, 1931.]

BERTHA STRASBURGER, Appellant, v. ROBERT PRESCOTT et al., Respondents.

Charles S. Connor for Appellant.

No appearance for Respondents.

THOMPSON (IRA F.), J.—This is an appeal from a judgment of nonsuit in an action to recover for personal injuries. The respondents have filed no brief. According to the evidence presented by the appellant in her brief she was standing on the sidewalk at the northeasterly corner of Sixth and Alvarado Streets in Los Angeles at about 12 o'clock noon on June 12, 1927. The intersection is provided with signals. She waited for the traffic going north and south on Alvarado Street until she heard the first bell, when she started to cross Alvarado Street. She had taken two or three steps when the automobile driven by the respondent Elaine L. Schuck attempted to turn to the right from Sixth Street into Alvarado Street, ran into her from the rear and struck her down. There is evidence to indicate that the respondent Schuck was confused in the signals. According to the testimony of appellant the former said that she thought she could make it before the second bell rang. There was testimony to the effect that respondent Schuck for some time prior to June 12th had been living with her sister and brother-in-law, the other respondents; that the automobile belonged to her sister, Marie Prescott, who on the day of the accident was in San Francisco, but who had let respondent Schuck have the key to the car; that she asked her brother-in-law about using the car, but he said "no". She took it anyway. Miss Shuck also testified that all three of them operated the same car.

The judgment must be reversed. ■ In the absence of proof of the ordinance relating to the signals established at the intersection we must consider the case simply as one where the automobile overtook and ran down the appellant from the rear. ■ The rules of law applicable in such a case are: First, the pedestrian "is not guilty of contributory negligence as a matter of law because of a failure to look behind him and discover an approaching car which may heedlessly run him down" (*Burk* v. *Extrafine Bread Bakery*, 208 Cal. 105 [280 Pac. 522, 524], and cases cited); second, the operator of an automobile is bound to anticipate that he may meet persons on the street and he must in order to avoid a charge of negligence "keep a proper lookout for them and keep his machine under such control as will enable him to avoid collision with another person using proper care and caution and if the situation requires, he must slow up and stop" (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125, 127]; *Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066]); third, the driver of a motor vehicle must before turning see that such movement can be made in safety, and if it cannot be made in safety must wait until it can be so made. (California Vehicle Act, sec. 130; Deering's Gen. Laws, 1923, p. 1891, Act 5128.) ■ Applying these rules to the instant cause it is patent that there was sufficient evidence of negligence on the part of the respondent Schuck that the court should under proper instructions have left the cause to the jury, at least so far as the respondent Schuck is concerned.

■ Concerning the respondent Marie Prescott, who it was testified was the owner of the automobile, the law is established that an inference of agency arises between the owner of a motor vehicle and the driver from the fact of ownership, and is sufficient to make out a *prima facie* case (*Perry* v. *Paladini*, 89 Cal. App. 275 [264 Pac. 580]; *Hathaway* v. *Matthews*, 85 Cal. App. 31 [258 Pac. 712].) The nonsuit was therefore improperly granted as to the respondent Marie Prescott.

■ However, the husband is not liable for the torts of his wife and there was no evidence to establish an agency between him and his sister-in-law. In fact, the only evidence upon this phase of the question was to the effect that

he told her she could not take the car. The motion was properly granted as to him.

Judgment affirmed as to respondent Robert L. Prescott and reversed as to respondents Elaine L. Schuck and Marie Prescott.

Works, P. J., and Craig, J., concurred.