[Civ. No. 9403. Second Appellate District, Division Two.—March 26, 1935.]

CALVIN PHILLIPS, Respondent, v. VIRGINIA CUCCIO, Appellant.

Ezra Neff for Appellant.

Morfoot & Sutton and J. Widoff for Respondent.

FRICKE, J., *pro tem.*—Appeal by defendant Virginia Cuccio from judgment awarding plaintiff damages for personal injuries.

An automobile driven by Peter John Cuccio but owned by his mother, appellant herein, struck and injured respondent. The court, sitting without a jury, rendered judgment for respondent for the resultant damages. Appellant presents the sole question as to whether there was any evidence to support the finding of the court that at the time in question the automobile was being operated with the consent of appellant. The question is further simplified by the fact that there was no proof of any express consent, leaving the question here whether there was implied consent.

It appears in evidence that Peter Cuccio had driven the car in question four times or more over a period of three years, one or more of these occasions being subsequent to the accident. As to some of those the evidence might be interpreted that the driving was with the consent of the mother; as to the remainder the record is silent. The mother testified that her son did not drive the car very much and that she bought it with her separate funds, for the family.

Respondent rests his side of the question upon the claim that the ownership of the automobile by the mother

raised a presumption that the son drove the machine with her consent and for her purposes, and that even in the face of contradictory testimony the court could, if it doubted the credibility of the testimony, base its finding upon the presumption alone. This view is sustained by *Randolph* v. *Hunt,* 41 Cal. App. 739, 746 [183 Pac. 358], *Hathaway* v. *Mathews,* 85 Cal. App. 31, 39 [258 Pac. 712], *Perry* v. *A. Paladini, Inc.,* 89 Cal. App. 275, 282 [264 Pac. 580], *Ransford* v. *Ainsworth,* 196 Cal. 279 [237 Pac. 747], *Rapolla* v. *Goulart,* 105 Cal. App. 417, 422 [287 Pac. 562], *Bushnell* v. *Tashiro,* 115 Cal. App. 563, 565 [2 Pac. (2d) 550], and *Strasburger* v. *Prescott,* 111 Cal. App. 104 [295 Pac. 357].

To hold otherwise would be to say that a presumption ceases to exist whenever testimony in contradiction is received. Neither a court nor a jury is bound to decide in conformity with the testimony of witnesses and against a presumption. (Code Civ. Proc., sec. 2061, subd. 2.) In the case at bar the judge who heard the evidence passed upon the weight and credibility of the testimony, judging this not merely by the words uttered but by the various factors, elements and circumstances which govern decisions of matters of fact. This decision, being based upon evidence, the presumption and evidence of circumstances, the question involved on this appeal is not one of law but one of fact, and the decision of the trial court is conclusive.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 24, 1935.