MONTGOMERY v. HUTCHINS et al.

SAME v. McDANDEL.

SAME v. GROOVER.

No. 9543.

Circuit Court of Appeals, Ninth Circuit.

March 26, 1941.

Rehearing Denied April 29, 1941.

Gray, Cary, Ames & Driscoll, J. G. Driscoll, Jr., and Burton D. Wood, all of San Diego, Cal., for appellant.

Forgy, Reinhaus & Forgy, of Santa Ana, Cal., for appellee Groover.

Benjamin Lewis, of Los Angeles, Cal., for appellee McDandel.

Rorick & Cottingham, of Oceanside, Cal., and Wright, Monroe, Harden & Thomas and Clarence Harden, all of San Diego, Cal., for appellees Hutchins et al.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This appeal questions the validity of judgments entered in favor of appellees in actions brought by them to recover for personal injuries sustained in an automobile accident in which appellant's chauffeur was operating appellant's automobile.

Lynch was employed by appellant as a chauffeur on February 20, 1938, and was instructed that he was not to use appellant's automobile for his personal use, and not to get drunk. On April 10, 1938, appellant and his wife left for Chicago from Los Angeles on a train at 11:30 a.m. Lynch was directed to drive the automobile to Chicago. Lynch and his wife left Los Angeles, with their baggage and a golf bag belonging to appellant, about 6:30 p.m. on the same day, and while driving on the highway (United States Highway 101) toward San Diego at a point two and one-half miles north of Oceanside, had a collision with a Ford automobile, in which the occupants of the latter were injured.

Ruth Hutchins and Edna Lucille Hutchins, minors, by a guardian ad litem and their father brought an action in which the minors sought to recover for the injuries sustained by them, and the father sought to recover for moneys expended by him for hospitalization and medical expense. They alleged that Lynch operated appellant's automobile "with the consent, express and implied" of appellant and "within the scope

of his employment". Both Lynch and appellant were named defendants.

Dorothy McDandel, a minor by a guardian ad litem, brought an action against Lynch and appellant to recover for injuries sustained by her, alleging that at the time of the collision Lynch was operating appellant's automobile "with the consent" of appellant and "within the scope of his employment".

Percey Groover, the owner of the Ford automobile, brought an action against Lynch and appellant to recover for injuries sustained by him and for the loss of his automobile. He alleged that at the time of the collision, Lynch was acting as the authorized agent of appellant and was operating appellant's automobile "with the consent of" appellant.

All the above mentioned actions were filed in a state court in California and removed on the petition of Lynch and appellant to the court below. By answers, the liability of appellant for Lynch's acts was put in issue. The causes were consolidated for trial.

Prior to the trial, the deposition of appellant was taken. Appellant then testified on direct examination that between April 1, 1938, and April 10, 1938, he had obtained a map and had had the route to Chicago marked on the map; that he had directed Lynch to follow that route; that the route marked was United States Highway 66 from Los Angeles; that Lynch was instructed to drive to Blythe on such highway on the afternoon of April 10, 1938; that he had discussed the route several times with Lynch, and had marked the hotels at which Lynch was to stay; that he had never given Lynch permission to use his car for Lynch's personal use.

On cross-examination, appellant testified as follows:

"Q. And if I understand it right, you were more advising him of what you considered the best route to go? A. Yes."

When the deposition was submitted to appellant for examination and signature, that answer was changed to read as follows:

"No, I was instructing him to go by this Route."

Appellant further testified:

"Q. And if I understand your testimony on direct examination correctly, there was no definite date or deadline that he was to be in Chicago; you didn't purport to map out his daily schedule? A. No.

"Q. That would depend upon his discretion as your driver, I presume? A. Yes."

When the deposition was submitted to appellant for examination and signature, the last answer was changed to read: "Yes. Yes as to time of arrival within reason but not as to route which he was to follow".

On redirect examination, appellant testified that he was really giving instructions as to the route, and not advice; that he expected Lynch to follow the route marked; that he had not at any time told Lynch that he could go by any other route or use his discretion as to the route marked.

At the trial appellant testified that he instructed Lynch to drive his car to Chicago over the route marked on the map, to leave on the afternoon of April 10, 1938, to drive no farther than Blythe that afternoon, and to do no night driving; that he had not authorized Lynch to go to Vista or go by any other route than the one marked; that Lynch had not, to appellant's knowledge, used appellant's car for Lynch's personal use; and that Lynch had not told appellant that he wanted to stop at any particular place.

Lynch testifed that he intended to go to Vista to leave his dog with some relatives; that he intended to stay all night at Vista, and leave the next morning for Chicago by way of San Diego rather than to return to Los Angeles; and that he did not ask appellant for permission to go to Vista. His testimony regarding appellant's instructions was in substantial agreement with that of appellant. Lynch was asked if, at the time of the accident, he told two traffic officers present that appellant had given his permission for Lynch to go to Chicago by way of Vista. Lynch denied making such statement, but the two traffic officers testified that Lynch did make the statement.

Appellant moved for a directed verdict at the close of the evidence. The motion was denied.

The trial court instructed the jury that if Lynch converted appellant's car to his own private use and pleasure outside the scope of his employment as chauffeur, then appellant would not be liable. The court then gave the following instructions: "* * * The fact that the automobile was operated by Lynch justifies the reasonable inference in the first place that he was operating the car in and about the course of his employment. This inference may be considered by

you with the other evidence in the case, the burden of proof at all times remaining with the plaintiff to show by a preponderance of the evidence that Lynch was acting within the scope of his employment as Montgomery's chauffeur."

Other instructions challenged were in effect that if the route to be taken by Lynch was not definitely stated, pointed out, and detailed by appellant with express instructions to follow it, then a slight and immaterial deflection from such route or the fact that the route was merely advisory would not preclude liability on the part of appellant. The instruction need not be detailed, as it raises the same question as the motion for a directed verdict. In commenting on the evidence the court said: "* * * After the accident, as disclosed by the evidence here, if Lynch had departed from the instructions as stated upon the stand by Mr. Montgomery, would Montgomery have continued to employ a man who had directly violated a direct and positive statement of limitation and agreement and continued in his employ up to this time?"

Appellant requested the court to give two instructions proposed by him. They will not be quoted because we believe they were substantially given by the court in other words.

The jury returned verdicts for appellees, together with answers to certain interrogatories propounded to them, as follows:

"In case you return a verdict in favor of the plaintiffs, or either of them, you will answer the following interrogatories:

"1. At the time of the accident was the defendant Lynch driving said automobile as the agent or servant of the defendant Montgomery and in the course of his employment? Answer: Yes.

"2. At the time of the accident was the defendant Lynch operating said automobile with the express consent of the defendant Montgomery? Answer: No.

"3. At the time of the accident was the defendant Lynch operating said automobile with the implied consent of the defendant Montgomery? Answer: Yes."

This appeal was taken from the judgments entered in conformity with the verdicts.

Appellant contends that the evidence is not conflicting but on the contrary is clear that Lynch violated his direct, express and positive instructions and engaged in a purely personal mission of his own.

In Department Of Water And Power v. Anderson, 9 Cir., 95 F.2d 577, this court recently discussed the rules applicable to a case of this kind. In summary, we there said that a master is liable, under the doctrine of respondeat superior, for the tortious acts of his servant when operating the master's automobile, if done in the course of the servant's employment, even though such acts may have been done without the knowledge or authority of the master, or in disobedience of the master's orders; that the master is not liable for injury or damage resulting from the negligent operation of his car by his servant while the latter is using it for his own purposes with or without the master's permission or consent; that the test as to the existence of liability of the master is "whether the servant, at the time of the accident, was engaged in furtherance of the master's business or enterprise concerning which he was employed and acting within the scope of his employment". 95 F.2d page 583.

That case was decided about a month prior to the decision of Erie R. Co. v. Tompkins, 304 U.S. 64, 54 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. The latter case deprives us of any right to use our independent judgment as to the rules of liability and compels invocation of the state law. However, it is not urged that the substantive law of the state differs from that set out above, and our examination of the state law discloses no difference.

In Department Of Water And Power v. Anderson, 9 Cir., supra, we further pointed out that the party on whom rests the burden of proof usually introduces evidence from which the ultimate fact in issue might be inferred; that in some cases such evidence might also bring into operation a procedural rule of law called a presumption which shifts the duty of going forward with the evidence to the other party; that if such party fails to comply with such duty, then the ultimate fact must be found to be in accordance with the inference; that the presumption is not the ultimate fact itself, the inference itself, but is the legal consequence attached to it, or is a procedural rule of law which merely shifts the duty of going forward with the evidence; and that if such party complies with the duty to introduce evidence imposed by the presumption, then the latter disappears from the case, but the inference arising from the evidence first introduced, still remains, and may be made by the triers of the facts.

As applicable to a case of this kind we discussed the question as to what extent proof of the ownership of the automobile met the test as to liability of the master as quoted above, and said that there were three rules on that question: (1) Neither an inference nor a presumption arises; (2) an inference but not a presumption arises; and (3) both an inference and a presumption arise. We further said: "Although the decisions in California are inconsistent, this seems to be the latest rule in that state".

It is now our duty to decide, under Erie R. Co. v. Tompkins, supra, which rules the state has adopted.

Although we have used the word "inference" as a noun, it is commonly understood as meaning the actual fact inferred. Actually "inference" means the process or reasoning in reaching the fact and not the fact itself. In other words when we say an inference arises, we mean that there is sufficient evidence from which a particular fact may be inferred.

The cases in California on the subject present a maze of seemingly conflicting statements. There are two causes for such confusion. The first is the failure to observe the difference between a "presumption" and an "inference" in some of the cases. Perry v. A. Paladini, Inc., 89 Cal. App. 275, 282, 264 P. 580, Day v. General Petroleum Corp., 32 Cal.App.2d 220, 230, 89 P.2d 718. The second is less discernible, but after considerable study we think it lies in the statement made in many of the cases that an inference disappears in certain cases. Actually if an inference may be made from certain evidence at one time, it may be made from the same evidence at at any other time. In other words, an inference being a process or mode of reasoning, does not, as appellant contends, and some of the cases state, disappear. The courts have fused by their language, two different rules—the rule as to what evidence is sufficient to support an inference of fact, and the rule regarding direction of verdicts. In other words, the courts do not mean that the same evidence would not support an inference, but do mean that no reasonable man *would* make the inference in view of all the evidence in the case.

We think, practically all the decisions may be harmonized if these points are kept in mind. Where, as here, evidence is admitted showing that a third person is operating the automobile, that the automobile belongs to the defendant, and that the third person is in the employ of the defendant, then the jury may, but is not compelled to, make the inference that the third person was acting within the scope of his employment.[1] If defendant chooses to rest without introducing any evidence, then it is for the jury to determine whether or not it wishes to make the inference.

On the other hand, if defendant chooses to and does introduce evidence, the question of law as to whether the jury may find for plaintiff, may arise. The question most frequently arises on a motion for a directed verdict. The verdict for defendant should be directed when the evidence on the issue is all on one side or so overwhelmingly on one side as to leave no reason to doubt what the fact is. Department Of Water And Power v. Anderson, supra, 95 F.2d page 584. Accordingly, when there is clear, positive and uncontradicted evidence to the contrary which is not open to doubt, and which is not conflicting, vague or uncertain, then the court should direct a verdict for the defendant.[2] In such case, the inference does not disappear, because it is

[1] Ransford v. Ainsworth, 196 Cal. 279, 237 P. 747; Squires v. Riffe, 211 Cal. 370, 295 P. 517; Perry v. McLaughlin, 212 Cal. 1, 297 P. 554; McWhirter v. Fuller, 35 Cal.App. 288, 170 P. 417; Randolph v. Hunt, 41 Cal.App. 739, 183 P. 358; Crain v. Sumida, 59 Cal.App. 590, 211 P. 479; Kruse v. White Brothers, 81 Cal.App. 86, 253 P. 178; Henry v. Lingsweiler, 81 Cal.App. 142, 253 P. 357; Preo v. Roed, 99 Cal.App. 372, 278 P. 928; Mathe v. White Auto Co., 108 Cal.App. 286, 291 P. 599; Barton v. McDermott, 108 Cal.App. 372, 291 P. 591; Wilson v. Droege, 110 Cal.App. 578, 294 P. 726; Strasburger v. Prescott, 111 Cal.App. 104, 295 P. 357; Gammon v. Wales, 115 Cal.App. 133, 300 P. 988; Weinberg v. Clark, 120 Cal.App. 362, 8 P.2d 164; Hutson v. Gerson, 132 Cal. App. 665, 23 P.2d 816; Pozzobon v. O'Donnell, 1 Cal.App.2d 151, 36 P.2d 236; Hoffman v. Lane, 11 Cal.App.2d 655, 54 P.2d 477; Du Bois v. Owen, 16 Cal.App.2d 552, 60 P.2d 1019; Cope v. Goble, 39 Cal.App.2d 448, 103 P.2d 598.

[2] Kish v. California S. Automobile Assn., 190 Cal. 246, 212 P. 27; Lane v. Bing, 202 Cal. 577, 262 P. 317; Engstrom v. Auburn Auto Sales Corp., 11 Cal.2d 64, 77 P.2d 1059; Brown v. Chevrolet Motor Co., 39 Cal.App. 738, 179 P. 697; Maupin v. Solomon, 41 Cal. App. 323, 183 P. 198; Martinelli v.

never made. What happens is that it is apparent that a reasonable man would not make the inference in view of all the evidence in the case.

On the other hand, if uncertainty arises either from a conflict of testimony, requiring a determination of the credibility of witnesses and the effect or weight of evidence, or if the facts are undisputed and men with fair or reasonable minds may honestly draw different conclusions from them, then it is for the jury to determine whether it shall make the inference from the fact of ownership. Department Of Water And Power v. Anderson, supra, 95 F.2d page 585. Accordingly, where the evidence is conflicting, vague or uncertain, or is weakened by contradictions or improbabilities, it is for the jury to determine whether or not it wishes to make the inference from the fact of ownership.[3]

█ In the instant case we think it is clear that the motion for a directed verdict was properly denied. The evidence was such as to justify disbelief of Lynch's testimony. The only remaining testimony was that of appellant. The jury was not compelled to believe appellant's testimony we think. In the first place, he is obviously interested in the outcome of the case. In the second place, his testimony in the deposition was conflicting. He first stated that his instructions were advisory only, and then before signing the deposition, changed his answer so as to make his instructions specific and not advisory. Under these circumstances, the question was properly submitted to the jury, and the jury could properly determine that appellant's instructions were advisory only.

██ The challenged instructions raising the same questions as the motion for directed verdict are disposed of by the foregoing. In the instruction quoted above wherein the court instructed the jury that the "inference may be considered by you with the other evidence in the case" appellant contends the court erred, because it was an instruction that an inference is evidence. The instruction does not so state, and in view of the extended discussion above, it is apparent that the instruction was correct. Appellant further contends that there was error in the instruction to the effect that appellant might not have continued Lynch in his employ, had Lynch violated express instructions. We think appellant's conduct could properly be considered in connection with his testimony.

█ Finally, it is contended that the answers of the jury to the special interrogatories are inconsistent. The argument assumes that Lynch in taking a different route was acting contrary to appellant's directions, and that there was nothing upon which implied consent could be based. The contention is without merit we think. In view of the conflict in appellant's testimony, the jury could infer that the directions as to the route by appellant were advisory only, and since Lynch expected to continue on his way to Chicago from Vista, he was acting with appellant's implied consent.

Affirmed.

---

Bond, 42 Cal.App. 209, 183 P. 461; Fahey v. Madden, 56 Cal.App. 593, 206 P. 128; Sanfilippo v. Lesser, 59 Cal. App. 86, 210 P. 44; Musachia v. Jones, 65 Cal.App. 283, 223 P. 1006; Hathaway v. Mathews, 85 Cal.App. 31, 258 P. 712; Perry v. A. Paladini, Inc., 89 Cal. App. 275, 264 P. 580; Rock v. Orlando, 100 Cal.App. 498, 280 P. 377; Lemka v. Nauman, 103 Cal.App. 757, 284 P. 1062; Hanchett v. Wiseley, 107 Cal.App. 230, 290 P. 311; McCammon v. Edwards, 114 Cal.App. 36, 299 P. 551; Market Street Ry. Co. v. George, 116 Cal.App. 572, 3 P.2d 41; Vitelli v. Stanbrough, 118 Cal. App. 120, 4 P.2d 818; Irwin v. Pickwick Stages System, Inc., 134 Cal.App. 443, 25 P.2d 998; Bourne v. Northern Counties T. Ins. Co., 4 Cal.App.2d 69, 40 P.2d 583; Montanya v. Brown, 31 Cal.App.2d 642, 645, 88 P.2d 745; Day v. General Petroleum Corp., 32 Cal.App. 2d 220, 230, 89 P.2d 718; Tsirlis v. Standard Oil Co., 32 Cal.App.2d 469, 90 P.2d 128.

[3] Poncino v. Reid-Murdoch & Co., 212 Cal. 325, 298 P. 818; Engstrom v. Auburn Auto Sale Corp., 11 Cal.2d 64, 77 P.2d 1059; Westberg v. Willde, 14 Cal. 2d 360, 94 P.2d 590; Grantham v. Ordway, 40 Cal.App. 758, 182 P. 73; Dierks v. Newsom, 49 Cal.App. 789, 194 P. 518; Frierson v. Pacific G. & E. Co., 55 Cal. App. 397, 203 P. 788; Wagnitz v. Scharetg, 89 Cal.App. 511, 265 P. 318; Rapolla v. Goulart, 105 Cal.App. 417, 287 P. 562; Bushnell v. Yoshika Tashiro, 115 Cal.App. 563, 2 P.2d 550; Kananakoa v. Badalamente, 119 Cal.App. 231, 6 P.2d 338; Phillips v. Cuccio, 5 Cal. App.2d 520, 42 P.2d 1050; Malmstrom v. Bridges, 8 Cal.App.2d 5, 47 P.2d 336; Montanya v. Brown, 31 Cal.App.2d 642, 645, 88 P.2d 745; Day v. General Petroleum Corp., 32 Cal.App.2d 220, 230, 89 P.2d 718.