[Civ. No. 7624. Second Appellate District, Division One.—June 20, 1933.]

ELLEN HUTSON, Respondent, v. JOSEPH GERSON et al., Appellants.

Bryce P. Gibbs and George P. Kinkle for Appellants.

Clarence A. Jones for Respondent.

DESMOND, J., *pro tem.*—A jury awarded to the plaintiff judgment in the sum of $6,000 against all the defendants. They appeal from that judgment and from an order of the trial court by which they were denied a new trial.

The plaintiff, as she was crossing Central Avenue at or near the northerly line of Jefferson Street, in the city of Los Angeles, between 7 and 8 P. M. of November 22, 1928, was struck, thrown to the ground and injured by a taxicab. This vehicle was traveling south on Central Avenue, and bore the license number 243516. It will be noted that the defendants comprise six individuals, namely, Gerson, Livingston, Calder, DeVoy, Van Elm and S. G. Stephens; the California Highway Indemnity Exchange, a corporation; and S. G. Stephens sued also as doing business under the firm name and style of Crown Cab Co. For convenience the California Highway Indemnity Exchange will be hereinafter referred to as the Exchange. The same attorneys who have at all times represented the Exchange have at all

times represented the other defendants, two identical answers being filed, one for the Exchange and one for the other defendants as a group. Introduced in evidence was a policy, No. 5513, of the Exchange dated December 15, 1927, in which defendants Gerson, DeVoy and Livingston appear as the assured parties, described as doing business as the Crown Cab Co. Attached to this policy were many "indorsements", so called, covering under the terms of the policy certain taxicabs in addition to the one described in the original. One of the indorsements, effective February 16, 1928, attached to and made part of policy No. 5513, included the taxicab involved in this case, the same being No. 135 in the fleet of taxis of the Crown Cab Co., covered by this insurance. In an indorsement effective May 31, 1928, the "name of the assured covered by the above mentioned policy is amended to read Jean A. Calder, and Joseph Gerson, d. b. a. (doing business as) Crown Cab Co." June 18, 1928, another indorsement amended the name "to read Crown Cab Co., H. J. Van Elm, President in lieu of Jean A. Calder and Joseph Gerson d. b. a. Crown Cab Co." On September 21, 1928, another indorsement changed the name of the assured "to S. G. Stephens doing business as the Crown Cab Co., instead of as stated in the policy". The latest indorsement, effective May 23, 1929, eliminated from coverage of the policy thirteen taxicabs, not including cab No. 135. Nor was this cab eliminated by any other indorsement. The original policy No. 5513 carries a cancellation notice dated August 14, 1929, terminating liability on August 13, 1929, at the request of insured "to be replaced by policy No. 6034".

Attached to policy No. 5513 is an indorsement dated December 8, 1927, containing the following language. "This policy is a continuing liability notwithstanding any action or recovery thereon", etc. We believe on the facts recited the jury was justified in finding that cab 135 of the Crown Cab Co. was covered by this policy of insurance on the date of plaintiff's injury, November 22, 1928. A special agreement attached to the policy limited the Exchange's liability to $5,000 for injury to or death of any one person, and $10,000 in case more than one person were killed or injured; also provided that "in addition to said limited sums the Exchange will pay the expense of litiga-

tion and all costs taxed against the subscriber in any legal proceedings defended by the Exchange, together with any interest accruing after entry of judgment upon such part of said judgment as shall not be in excess of the limits of the Exchange's liability herein expressed''.

The only evidence offered by the defendant at the time of the trial was that of a physician who, at the request of counsel for the defendants, had examined the plaintiff a few weeks after the accident. A physician appointed by the court also testified. All the witnesses who testified as to the occurrences of November 22, 1928, were produced by the plaintiff. Among these was one named Nobles, who testified that immediately after the taxicab struck the plaintiff he jumped on the running-board of the cab and asked the driver why he did not stop to try to give assistance, saying, ''What do you mean to do? You had better go back and see how much damage you have done; what you have done to that woman.'' To the admission of this testimony defendant objected and now assigns the adverse ruling of the court upon that objection as error, on the ground that a proper foundation was not laid for the introduction in evidence of a conversation between this witness and the driver of the cab. It is also contended that the trial court erred in denying motion for a nonsuit and in giving two instructions which appellant claims were not justified by the evidence, and as to one that it did not correctly state the law. The court's refusal to give a certain instruction requested by the defendant is also assigned as error.

As to the first contention, objection to the portion of Nobles' testimony above referred to, counsel for respondent comments in his brief upon the fact that the conversation was all on the side of Nobles, for his remarks were the only ones reported to the jury. If the driver replied to Nobles, no one knows from the record in this case what he said. Perhaps he made no reply. At any rate there is no evidence that he said anything whatever to fix the blame for this accident on himself or any of the defendants. This, then, was evidence as to an immaterial matter, having nothing to do with the circumstances or cause of the accident, and therefore its admission does not warrant a reversal of the judgment.

■ In arguing the point that a nonsuit should have been granted, appellants claim that there was in this case no proof of ownership of the cab and no proof that the driver was acting as agent for the owner or owners at the time of the accident. The driver of the cab was not a witness nor was he named as a defendant unless as A. Doe, a fictitious defendant never served. However, paragraph IV of plaintiff's complaint alleged that at the time plaintiff was injured the defendants named as composing the Crown Cab Co. were using and operating the cab through their agent, servant and employee. To these allegations the defendants have replied as follows:

"Answering paragraph IV of said complaint, these answering defendants admit that the Crown Cab Company is a fictitious name, deny that said company is composed of the defendants named in plaintiff's complaint, or that said parties are copartners doing business under said fictitious name."

It will be seen that there is here no denial that the Crown Cab Co., or the individuals named as defendants, owned the cab in question or that at the time of plaintiff's injury it was being operated by the agent of that company or said individuals.

For more than fifty years section 437 of the Code of Civil Procedure has provided "that the answer of a defendant shall contain a general or specific denial of the material allegations of the complaint controverted by the defendant". (Code amendments 1873–74, p. 300.) When this section was amended in 1927 (Stats. 1927, p. 529), although a new method of entering a denial was provided, there was no change in the language above quoted and it remains the rule that a denial must be made. If not made the allegations will be taken as true under section 462 of the Code of Civil Procedure. An evasive answer to the allegations can avail the defendant nothing (21 Cal. Jur., p. 153), and under the pleadings here the plaintiff was under no obligation to prove ownership or agency, both being admitted inferentially by the answer. As respondent points out in his brief, S. G. Stephens swore to the answer and answered for himself and his co-defendants, including all the individuals named in the complaint. ■ As to the responsibility of the owners for the act of their agent, we

may say that where no testimony is adduced from which a jury may determine whether or not the agent was acting at the time of an accident within the general scope of his employment the presumption to the effect that he was so acting governs. That such presumption arises where the ownership and agency of the car is admitted appears from the decision in *Wagnitz* v. *Scharetg*, 89 Cal. App. 511, 517 [265 Pac. 318]. That such a presumption is evidence appears from the decision in *Grantham* v. *Ordway*, 40 Cal. App. 758, 760 [182 Pac. 73]. (On this subject see also 1928 Cal. Jur. Perm. Supp., secs. 118, 119.) In view of the foregoing we conclude that the learned judge of the trial court committed no error when he denied defendants' motion for a nonsuit.

In passing upon defendants' contention that two of plaintiff's requested instructions were erroneous because they permitted the jury to find a verdict of more than $5,000 against all defendants, whereas by the terms of the insurance policy liability was limited to $5,000 in the case of injury to one person, we find the point well taken so far as the defendant, the Exchange, is concerned. However, the fault is remedied by a request made by respondent in her brief that the judgment be modified by reducing the amount from $6,000 to $5,000 as to said defendant.

One of the instructions complained of reads as follows: "You are instructed that if you find from the evidence, oral and documentary, given and on file in this case that cab number 135 bearing license number 243516 was the automobile that struck the plaintiff in this action and that the policy issued by the California Highway Indemnity Exchange on file in this action covered damages to any person caused by the negligent operation and control of said automobile without contributory negligence on part of the plaintiff, then it will be your duty to bring in a verdict against the defendant, California Highway Indemnity Exchange, for damages against the defendant California Highway Indemnity Exchange in such sum as you see fit in view of the evidence that would compensate plaintiff for her pain and suffering necessarily resulting therefrom."

Standing alone, this instruction is open to serious objection. We note, however, as we read all the instructions

in this case, that the jury received very complete and repeated instructions on the subjects of negligence, contributory negligence and burden of proof. We note also that the verdict in this case is not against the Exchange solely but lies against all the defendants. We must conclude, therefore, that the jury found negligence on the part of the driver of the cab acting as agent for the owner or owners, and no contributory negligence on the part of plaintiff. The jury knew from the facts in the case that the Exchange was not an owner, but an insurer, and that under the terms of the policy liability of the insurer arose when injury occurred by reason of negligence on the part of the driver of the taxicab. We do not think the instruction in question misled the jury or that by reason of its being given the verdict against the Exchange should be set aside, because if the driver was justly chargeable with the injury then the insurer should meet the liability that it assumed when the policy was written. Since, in our opinion, having reviewed all the evidence in this case, no miscarriage of justice resulted from the giving of this instruction, a new trial should not be ordered because of it under section 4½, article VI, of the Constitution.

The remaining contention of the appellant is that the court erred in refusing to give an instruction bearing on agency and conditions under which an employer's liability arises. Since other instructions were given covering the same points in different language we hold that this refusal does not constitute reversible error.

The judgment appealed from is affirmed as to all defendants except California Highway Indemnity Exchange, a corporation, and as to said last-named defendant is modified by reducing the amount thereof from $6,000 to $5,000.

Houser, Acting P. J., and York, J., concurred.